WALTER WOODS et al., Appellants, *v.* MAHBERN REALTY CORP., Respondent.

First Department, April 10, 1958.

*Albert W. Epstein* of counsel (*William S. Shea* with him on the brief; *Shea & Epstein,* attorneys), for appellants.

*I. Sidney Worthman* of counsel (*Tropp & Steinbock,* attorneys), for respondent.

*Per Curiam.* In this negligence action, a judgment was entered in favor of the defendant, after a unanimous verdict by a jury. By her pleading and the proof upon the trial, Mrs. Woods, a tenant in a multiple dwelling, claimed that she was injured when her foot caught in a loose stripping as she was descending a stairway in the premises owned by the defendant.

A history sheet that was part of a hospital record was admitted into evidence at the trial. It contained a notation made by a hospital interne that the plaintiff " fell down in the street ", which was later changed to " fell down the stairs in her house ", by a doctor who testified as a medical witness on behalf of the plaintiff. Without independent proof of the fact and apparently predicated upon the original entry, it was the defendant's vigorous contention that the plaintiff received her injuries from a fall on the street rather than in the premises.

All of the pertinent testimony adduced on behalf of the plaintiff placed the occurrence on the stairway in the building and no contrary proof was offered to establish the situs of the accident as any other. At best, the history sheet could only serve to impeach the testimony of the doctor who made the change and he admitted altering it. As to him, therefore, it was merely cumulative proof and was inadmissible as patently hearsay for any other purpose. On this record, it was error to receive the history sheet in evidence, either as affirmative proof, as an admission against interest or as a prior inconsistent statement.

413

Under proper circumstances a prior statement which contradicts a witness may be introduced at a trial for the purpose of impeachment (Civ. Prac. Act, § 343-a; *Blackwood v. Chemical Corn Exch. Bank,* 4 A D 2d 656, 658). However, a writing containing conclusory and hearsay matter cannot serve as evidence in chief of the truth of the facts stated therein (*Matter of Roge v. Valentine,* 280 N. Y. 268, 276; *Fitzgibbons Boiler Co. v. National City Bank,* 287 N. Y. 326, 330).

The court charged the jury that it was for them to determine, "whether or not this accident happened on the sidewalk or whether it happened on the stairway. If it happened on the sidewalk then, of course, the defendant is not responsible."

The charge that the jury could find that the accident happened on the sidewalk was error, in the absence of testimony from which such a conclusion could be reached. We cannot say that the error did not influence the jury to render a verdict for the defendant. Under the circumstances, a new trial is required.

The judgment should be reversed on the law and a new trial granted, with costs to appellants, to abide the event.

BOTEIN, P. J., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Final judgment unanimously reversed on the law and a new trial ordered, with costs to appellants to abide the event.